UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                           Criminal No. 14-348 (JRT)

          Plaintiff,

v.

                                  **MEMORANDUM OPINION AND ORDER**

ADRIENNE UNIQUE BATES,                   **GRANTING MOTION TO REOPEN**
                                                            **JUDGMENT**

          Defendant.

---

Erin M. Secord and Timothy C. Rank, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN, 55415, for Plaintiff.

Sarah M. MacGillis, **MACGILLIS LAW**, 333 South Seventh Street, Suite 2350, Minneapolis, MN, 55402, for Defendant.

The United States has moved to reopen judgment pursuant to Rule 60(b) and set aside the satisfaction in the case of Adrienne Unique Bates. (Gov't's Mot. Reopen Judgment, Dec. 30, 2022, Docket No. 81; Satisfaction of Monetary Imposition and Release of Abstract, Jan. 4, 2022, Docket No. 80.) The United States requests that the Court reopen the judgment to collect the balance due on restitution debt.

On January 12, 2016, Defendant Adrienne Unique Bates was sentenced to a term of time served followed by a two-year term of supervised release, a $100 special assessment, and $5,440.00 in restitution. (Sentencing J. at 5, Jan. 12, 2016, Docket No. 48.) On November 7, 2017, the Court issued an Amended Judgment reducing the

restitution to $5,415.00. (Am. Sentencing J. at 5, Nov. 7, 2017, Docket No. 71.) The restitution was subsequently paid through a pair of "offset" payments to Bates from the Department of Treasury on July 7, 2020, and June 24, 2021.[1] (Declaration of Yelena Ciumac ("Ciumac Decl.") ¶ 3, Dec. 30, 2022, Docket No. 82.) The Clerk of Court typically holds offset payments for six months because of the possibility of reversal. (Declaration of Sheri Carlson ("Carlson Decl.") ¶ 3, Dec. 30, 2022, Docket No. 83.) Because more than six months had passed, the funds were released to the victims on or about January 25, 2022. (Carlson Decl. ¶ 4.) And, because the offset payments satisfied the judgment and fulfilled Bates's restitution obligations, the U.S. Attorney's Office Financial Litigation Program ("FLP") filed a Satisfaction of Monetary Imposition and Release of Abstract. (Satisfaction of Monetary Imposition and Release of Abstract.)

However, on February 3, 2022, the Clerk of Court received notice that the offset had been reversed on January 21, 2022, in the amount of $4,626.25—more than six months after it was issued. (Carlson Decl. ¶ 5.) The Clerk of Court was able to collect the payments made to the victims and refund the Department of Treasury. (Carlson Decl. ¶¶ 5–7.) Thus, Defendant's restitution debt remains unpaid, and Defendant owes $4,496.33. (*Id.* ¶ 8.)

---

[1] An offset payment means that the government collects a debt owed by holding back money from a federal payment to the debtor. For example, the government may use a tax refund or social security benefit to pay the debt. *See How TOP Works*, Bureau of the Fiscal Service, U.S. Dep't of Treasury, available at https://www.fiscal.treasury.gov/top/how-top-works.html.

The United States urges the Court to set aside the judgment because of a mistake or error pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). However, a Rule 60(b)(1) error has not occurred here. The United States did not provide the reason for the Department of Treasury's reversal, and, in any event, any error made by the Department of Treasury would not justify setting aside the judgment because the Department of Treasury is not a party to this case.

Nevertheless, the Court finds that exceptional circumstances exist to reopen the judgment. Fed. R. Civ. P. 60(b)(6) (providing relief when there is "any other reason that justifies relief"). Federal Rule of Civil Procedure 60(b)(6) authorizes relief where exceptional circumstances exist and when Rules 60(b)(1) through (b)(5) do not apply. *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). The Court finds that exceptional circumstances exist because but for the offset payments—that have since been recalled—the judgment would not have been satisfied. Unless the satisfaction of judgment is set aside, the Defendant will not be required to fulfill the restitution ordered at sentencing. This is the only way to redress the loss and ensure that Defendant pays the restitution ordered in full. Therefore, the United States' motion will be granted under Rule 60(b)(6).

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Reopen Judgment Pursuant to Rule 60(b) and Set Aside Satisfaction [Docket No. 81] is **GRANTED**;

2. The Satisfaction of Monetary Imposition and Release of Abstract [Docket No. 80] is **VACATED**; and

3. The Amended Sentencing Judgment [Docket No. 71] is **REOPENED**.

DATED: February 6, 2023  
at Minneapolis, Minnesota

                                        s/John R. Tunheim  
                                        JOHN R. TUNHEIM  
                                        United States District Judge